IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LITL LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ASUSTEK COMPUTER INC., ASUS GLOBAL PTE. LTD., and ASUS TECHNOLOGY PTE. LIMITED,<br><br>    Defendant. | Civil Action No. 23-122-RGA |
| MICROSOFT CORPORATION,<br><br>    Intervenor-Plaintiff,<br><br>v.<br><br>LITL LLC,<br><br>    Intervenor-Defendant. | |

## MEMORANDUM ORDER

Before me is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to FED. R. CIV. P. 12(b)(2) & (6). (D.I. 20). I have considered the parties' briefing. (D.I. 21, 26, 27).

### I. BACKGROUND

In the First Amended Complaint ("FAC"), Plaintiff LiTL alleges Defendants ASUSTeK Computer Inc. ("ASUSTeK"), Asus Global Pte. Ltd. ("ASGL"), and Asus Technology Pte. Limited ("ASTP") infringe one or more claims of U.S. Patent Nos. 8,289,688 ("the '688 patent"); 8,624,844 ("the '844 patent"); 9,563,229 ("the '229 patent "); 10,289,154 ("the '154 patent"); 9,003,315 ("the '315 patent"); 9,880,715 ("the '715 patent"); 10,564,818 ("the '818

1

patent"); and 8,612,888 ("the '888 patent") (collectively, "the Asserted Patents."). (D.I. 19 ¶ 2). The Asserted Patents relate to computing devices that can be used in multiple display modes. (*Id.* ¶ 40). Defendants move to dismiss the FAC for failure to state a claim of (1) pre-suit induced infringement against ASUSTeK under the '688 patent, (2) willful infringement against ASUSTeK under the '688 patent, and (3) post-filing induced infringement against Defendants under the Asserted Patents. (D.I. 20; D.I. 21 at 2). Defendants also seek to dismiss ASTP as a defendant for lack of personal jurisdiction. (D.I. 20; D.I. 21 at 2).

## II.  LEGAL STANDARD

Rule 8 requires a complainant to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) allows the accused party to bring a motion to dismiss the claim for failing to meet this standard. A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). Moreover, there must be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely

consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)).

## III. DISCUSSION

This lawsuit is one in a series of patent infringement actions related to the Asserted Patents, including LiTL's now dismissed lawsuit against Lenovo. *See LiTL LLC v. Lenovo (United States), Inc.*, C.A. No. 20-689-RGA, D.I. 119 (D. Del. Feb. 3, 2023). *Lenovo* involved similar arguments to the ones now raised by Defendants.

### A. Pre-Suit Induced Infringement

In *Lenovo*, I set forth the relevant law. 2022 WL 610739, at *6–10 (D. Del. Jan. 21, 2022). "[T]o prove induced infringement, a plaintiff must prove the following elements: (1) direct infringement, (2) knowing inducement of infringement, and (3) specific intent to encourage another's infringement." *Id.* at 7. "To prove the second element, 'knowing inducement of infringement,' it logically follows that a plaintiff must prove the following sub-elements: (a) knowledge of the patent(s); (b) knowledge of the direct infringement of the patent(s); (c) action(s) taken to induce infringement; (d) knowledge the action(s) would induce the direct infringement; and (e) some causal link between the inducing acts and the direct infringement." *Id.* (citations omitted). "At the pleading stage, a plaintiff must allege facts that would allow a factfinder plausibly to conclude each of these elements and sub-elements is satisfied." *Id.*

Defendants argue that the FAC fails to plausibly allege ASUSTeK had pre-suit knowledge of the '688 patent. (D.I. 21 at 12–16). For its pre-suit induced infringement claim, LiTL must allege sufficient facts to support an inference that Defendants had knowledge of the

3

asserted patent prior to the commencement of this suit. Defendants do not challenge LiTL's pleading of the other elements.

LiTL has alleged sufficient facts to support a plausible inference that ASUSTeK had pre-suit knowledge of the '688 patent.

The '688 patent is cited on the face of one ASUSTeK patent. (D.I. 19 ¶¶ 84). The published version of the patent application that issued as the '688 patent ("the '832 publication") is cited on the face of another ASUSTeK patent. (*Id.* ¶ 80). The USPTO examiner cited the '688 patent in a rejection of one ASUSTeK patent application and the '832 publication in a rejection of another. (*Id.* ¶ 83; *id.* ¶ 78). ASUSTeK itself referenced and discussed the substance of the '832 publication during the prosecution of one application. (*Id.* ¶ 79).

ASUSTeK has cited to the '688 patent two times and to the '832 publication two times, and LiTL points to 140 citations to the '688 patent and 168 citations to the '832 publication by "major players" in the personal computing industry to show the '688 patent is well-known in the industry. (*Id.* ¶¶ 85–86). These statistics adequately support the conclusion. *See Lenovo*, 2022 WL 610739, at *6–10.

Taken together, these allegations plausibly support an inference that ASUSTeK had pre-suit knowledge of the '688 patent.

### B. Willful Infringement

"Under *Halo*, the concept of 'willfulness' requires . . . no more than deliberate or intentional infringement." *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020) (citing *Halo*, 579 U.S. at 105).

Defendants' Motion to Dismiss the willful infringement claim against ASUSTeK under the '688 patent relies solely on their argument that they lacked pre-suit knowledge of the patent.

(D.I. 21 at 17–18; D.I. 27 at 6). LiTL has plausibly alleged that ASUSTeK had pre-suit knowledge of the '688 patent. At the motion to dismiss stage, that is sufficient to support a claim of willful infringement. *See Lenovo*, 2022 WL 610739, at *10.

### C. Post-Filing Induced Infringement

"As I recently stated, when induced infringement is alleged, an amended complaint can operate to plead knowledge since the filing of the original complaint." *Id.* (citing *Wrinkl, Inc. v. Facebook, Inc.*, 2021 WL 4477022, at *7 (D. Del. Sept. 30, 2021)); *see also Carrum Techs., LLC v. BMW of N. Am., LLC*, 2023 WL 1861150, at *3 (D. Del. Feb. 9, 2023). I am not persuaded by Defendants' policy argument to change my position. (D.I. 21 at 16–17; D.I. 27 at 6). The FAC sufficiently pleads Defendants' knowledge of the '688 patent since the filing of LiTL's original complaint.

### D. Personal Jurisdiction

Defendants submit that ASTP should be dismissed as a defendant in this case for lack of personal jurisdiction. (*Id.* at 5–12; *see* FED. R. CIV. P. 12(b)(2)). LiTL does not object. (D.I. 26 at 18). I therefore grant Defendants' motion to dismiss all claims against ASTP.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED** in part and **DENIED** in part.

Defendants' Motion to Dismiss the pre-suit induced infringement claims against ASUSTeK, the willful infringement claims against ASUSTeK, and the post-filing induced infringement claims against ASUSTeK and ASGL is **DENIED**.

Defendants' Motion to Dismiss all claims against ASTP is **GRANTED**.

IT IS SO ORDERED.

Entered this 16th day of November, 2023

_____
United States District Judge